WILLIAM BELL and WILLIAM DECKER *against* MATTHIAS KEELY.

Abstracts from the books of merchants abroad are evidence to prove the shipment of goods; but they must be supported by other proof.

INDEBITATUS *assumpsit* with five general counts.

The defendant shipped to the plaintiffs at Charleston in South Carolina, sundry merchandize for sale. Part thereof proving unsaleable was re-shipped to the defendant in Philadelphia. This being denied by him, the plaintiffs produced three depositions taken under a commission in South Carolina, showing that two of the clerks who made the original entries in their day books, were dead or out of the state, and annexing true extracts therefrom. The three witnesses were also clerks of the plaintiffs, and verified their own entries. An entry of two re-shipments of the goods in 1792 made by Samuel S. Kennedy, who was the deceased's clerk, (one of which re-shipments was also sworn to by one of the witnesses examined under the commission) was offered in evidence and opposed.

I was contended, that a bill of lading should be produced, or at least the original books of the plaintiffs.

By the court. Bills of lading signed by the captains, are certainly the more regular and mercantile proofs. But they are not exclusive evidence of the shipment of certain goods, as this may be established by witnesses present at the transaction. The day books are evidence of the re-shipment of the merchandize, but cannot be relied on alone. They must be supported by other proof, or great inconveniences might ensue.

It would be highly unreasonable to expect on a trial, the original books of merchants resident abroad. They may be wanted at other places. True abstacts from the books only can be required, with the oath of the clerk, who made the entries. Where he is dead, or cannot be procured, proof must be given of his hand writing, which must accompany the copies.

The parties agreed at length to go before the jurors as referees, and withdrew accordingly.

A report was found for the plaintiffs for 750 dollars damages and 6 cents costs.

Mr. Ingersoll, *pro quer.*    Mr. M. Levy, *pro def.*